EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, STATE OF COLORADO<br>1100 Judicial Center Drive<br>Brighton, CO 80601 | DATE FILED: May 28, 2024 2:46 PM<br>FILING ID: 115DD495F3486<br>CASE NUMBER: 2024CV30824 |
| Plaintiff:<br>**BENITA QUINTANA**<br><br>v.<br><br>Defendant: WALMART, INC | ▲COURTUSE ONLY▲ |
| *Attorney for Plaintiff;*<br><br>Marlo Greer<br>The Greer Law Group<br>1550 Wewatta Street, Floor 2<br>Denver, CO 80202<br>Tel: 303.331.6460 | Case Number:<br><br>Division: |

**COMPLAINT**

Plaintiff, Benita Quintana, by and through counsel, The Greer Law Group, submits her Complaint, and hereby complains, avers, and alleges as follows:

## CERTIFICATION CONCERNING SIMPLIFIED PROCEDURES PURSUANT TO C.R.C.P. 16.1

1. The Plaintiff, through her attorney The Greer Law Group, PLLC, hereby certify that Plaintiff's claims against Defendants exceed $100,000 inclusive of any statutory or contractual attorney fees, penalties, or punitive damages, but exclusive of interest and costs.

2. Pursuant to C.R.C.P. 1.1(a)(2)(A), Plaintiff therefore opts out of the simplified procedures described in C.R.C.P. 16.1.

## PARTIES, JURISDICTION, AND VENUE

3. The Plaintiff is, and was at the time for the case in controversy, a resident of Denver, Colorado.

EXHIBIT A

4. Upon information and belief, at all times relevant to this action, Defendant Walmart, Inc. (herein after Walmart), was and is a Kentucky corporation, authorized to do business in Colorado, with a principal place of business at 5990 Dahlia Street, Commerce City, CO 80022.

5. The tortious alleged herein occurred at 5990 Dahlia Street, Commerce City, CO 80022 in the City of Commerce City, County of Adams, State of Colorado. This court has both subject matter and personal jurisdiction over this subject matter pursuant to C.R.S. § 13-1-124(1)(a), (b), and (c).

6. Venue is proper before this Court pursuant to Rule 98(c) of the Colorado Rules of Civil Procedure because the Defendant was transacting business at relevant times in the County of Adams, State of Colorado, and one or more of the acts alleged herein took place in the City of Commerce City, County of Adams, State of Colorado.

## GENERAL ALLEGATIONS

7. Plaintiff restates and incorporates by reference all previous paragraphs as fully set forth herein.

8. At all times relevant to this action, Defendant Walmart owned, operated, and/or managed real property at 5990 Dahlia Street, Commerce City, CO 80022, and all land, and/or floors inside the building.

9. At all times relevant to this action, Defendant Walmart was responsible for ensuring the property located at 5990 Dahlia Street, Commerce City, CO 80022 was maintained in a reasonably safe condition.

10. On or about May 29, 2022, Plaintiff was a customer of Walmart and was lawfully on the Walmart premises located at 5990 Dahlia Street, Commerce City, CO 80022. Plaintiff was in the dairy section of the store shopping for milk when she encountered a substance on the floor that caused her to fall and hit the ground.

11. Upon hitting the floor Ms. Quintana landed on her buttocks with her left leg folded underneath her.

12. Upon information and belief, Defendant, its employees, and/or its agents were responsible for ensuring the store was properly maintained keeping it free from conditions that posed a danger to its patrons.

13. Due to the danger caused by the improperly maintained wet floor, Ms. Quintana was severely injured, requiring current, past, and future medical treatment.

14. The liquid on the floor was a dangerous condition that existed at Walmart at the time of the injury.

EXHIBIT A

15. On or about May 29, 2022, Defendant Walmart negligently and without due care failed to maintain a safe condition at 5990 Dahlia Street, Commerce City, CO 80022.

16. At the time of Ms. Quintana's injury there was no signs posted nor warnings given to Plaintiff indicating the floor was wet nor that the substance on the floor posed a dangerous hazard.

17. The Defendant failed to place caution signs; warning of the danger presented by the liquid nor give its customers any form of notice posed by the hazard.

18. Employees, contractors, and/or agents of Walmart failed to properly maintain, organize, and/or mark potential hazards in the walkways and/or aisles of the store.

19. Defendant knew or should have known of the dangerous condition on its property and had a duty to warn its customers of the dangerous condition.

20. Defendant's failure to safely maintain the walkways and aisles within the store, was an actual and proximate cause of Plaintiff's injuries sustained on or about the time, date, and place set forth above.

21. As a result of the Defendant's conduct, negligence, and/or failure to take reasonable care to avoid unreasonable risk to its customers lawfully on the premises, the Plaintiff sustained the injuries, damages, and losses set forth below, including but not limited to:

1. Injuries to her Cervical and thoracic spine resulting in kyphosis;
2. Posttraumatic headache;
3. C3-4 and C6-7 spondyloarthritis with nerve root compression and pain;
4. Lumbar disc injury with foraminal narrowing;
5. Vestibular dysfunction;
6. Left knee injury resulting in an altered gait;
7. Right elbow/forearm sprain;
8. Left shoulder injury;
9. Full Thickness rotator cuff tear - right shoulder – resulting in surgery;
10. Sprain of the radialhumeral joint;
11. Left hip injury.

22. As a result of the incident on or about the date, time, and place set forth above, Plaintiff incurred past and future economic expenses, losses, and damages including, but not limited to past and future medical and rehabilitation expenses, past and future lost wages, and lost earning capacity.

23. As a result of the incident on or about the date, time, and place set forth above, Plaintiff suffered damages including but not limited to permanent physical impairment, and past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

## FIRST CLAIM FOR RELIEF

**STATUTORY PREMISES LIABILITY PURSUANT TO § C.R.S. § 13-21-115**

24. Plaintiff restates and incorporates by reference all previous paragraphs as if fully set forth herein.

25. Plaintiff was a customer transacting business on the subject premises. As such, Plaintiff was an invitee pursuant to Colorado Revised Statute § 13-21-115(7)(a).

26. At all times relevant to this Complaint, Defendant Walmart was a "landowner" as defined by C.R.S. § 13-21-115(7)(b).

27. Defendant Walmart as a "landowner," had a duty to exercise reasonable care to protect against dangers of which it actually knew or should have known, to carry on activities in a reasonably safe manner, and/or to warn of the dangers created by the condition of the aforementioned walkway and/or aisle pursuant to C.R.S. § 13-21-115 at the date, time, and place set forth above.

28. Pursuant to C.R.S. § 13-21-115(4)(c)(I), Plaintiff may recover damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known.

29. Plaintiff's actions in walking across the aforementioned floor and/or walkway, were foreseeable, as were Plaintiff's injuries that resulted on the date, time, and place set forth above.

30. The dangers of a wet floor not properly marked or maintained, in a customer walkway and/or aisle were foreseeable on the date, time, and place set forth above.

31. Defendant Walmart knew, or should have known, that invitees would walk on the floor and/or walkway and would be confronted with the liquid on the floor on Walmart's premises on the date, time, and place set forth above.

32. Defendant Walmart knew or should have known of the dangerous conditions existing at Walmart on its premises located at 5990 Dahlia Street, Commerce City, CO 80022 on the date, time, and place set forth above.

33. Defendant Walmart owed Plaintiff a duty to exercise reasonable care in maintaining floors and/or walkways free of potentially dangerous hazards, such as a liquid, on the premises in a safe condition on the date, time, and place set forth above by ensuring that the unsafe conditions were not present and/or were adequately warned of.

34. Walmart failed to create and/or enforce appropriate policies and procedures regarding clean up and maintenance of its walkways/aisles in the store.

35. Walmart failed to properly create and/or enforce appropriate polices and procedures regarding signage related to dangerous conditions on its property.

EXHIBIT A

36. Walmart had a duty to exercise reasonable care to protect against dangers of which it actually knew or should have known.

37. Defendant Walmart failed to use reasonable care to protect and/or warn Plaintiff against the dangerous conditions discussed above.

38. Defendant's failure to use reasonable care to protect and/or warn the Plaintiff against the dangers described above is both an actual and proximate cause of Plaintiff's injuries.

39. As a result of Defendant Walmart's breach of the duties, Plaintiff incurred injuries, damages and losses as set forth above.

**SECOND CLAIM FOR RELIEF*GENERAL NEGLIGENCE***
**DEFENDANT WALMART, INC. d/b/a WALMART**

40. Plaintiff incorporates by reference the foregoing paragraphs as fully set forth herein.

41. Defendant Walmart knew, or should have known, that the floor and/or walkway was not maintained in a safe condition on the date, time, and place set forth above.

42. Defendant Walmart had a duty to maintain the premises, and all publicly used spaces inside the store to ensure that persons, such as Plaintiff, could safely enter and walk around the area.

43. Defendant Walmart knew or should have known, that the floor and/or walkway at Walmart was a dangerous hazard with no warning signs, no removal, and no mitigation on the date, time, and place set forth above.

44. Defendant Walmart had a duty to eliminate any hazards to the safety of the people who were using the premises or entering or leaving it, if such elimination was possible.

45. Defendant Walmart had a duty to guard against any hazards if such guarding was possible.

46. Defendant Walmart failed to use reasonable care to protect against dangers on their property.

47. Defendant Walmart failures were both a cause of Plaintiff's injuries, damages, and losses.

WHEREFORE, Plaintiff respectfully prays for compensatory damages in favor of the Plaintiff and against Defendant in an amount to be determined by the trier of fact, all interest allowed by law including all pre-judgment interest, pre-filing interest, and post-judgment interest, all costs allowed by law including expert witness fees, filing fees, and deposition expenses, and for such other and further relief as this Court may deem appropriate.

Respectfully Submitted this 28th day of May 2024.

EXHIBIT A

*The Greer Law Group, PLLC*

By: __*s/Marlo Greer*_________________

Marlo J. Greer, #33086
1550 Wewatta Street, 2nd FL.
Denver, Colorado 80202
Phone: (303) 331-6460
*ATTORNEYS FOR PLAINTIFF*